**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN ROBERTSON,

Defendant - Appellant.

No. 01-1433

(D.C. Nos. 97-N-597, 92-CR-335-N)

(D. Colorado)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2)(C). The case is therefore submitted

without oral argument.

Steven Robertson was convicted after a jury trial in federal district court of

one count of conspiring to distribute more than fifty grams of crack cocaine; one

---

* This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

count of attempting to possess more than 500 grams of cocaine; and five counts of laundering the proceeds of a cocaine operation. The jury acquitted Mr. Robertson of one charge: aiding and abetting the distribution of more than five grams of cocaine. The district court sentenced him to life in prison. This court affirmed his convictions on direct appeal. See United States v. Robertson, 45 F.3d 1423 (10th Cir. 1995).

Mr. Robertson then filed a petition to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. He asserted the following grounds for relief: (1) the court erred in calculating his sentence on the basis of the crack cocaine that could have been produced from the cocaine powder that he possessed; (2) his trial and appellate counsel failed to challenge the sufficiency of the evidence supporting his conviction for conspiring to distribute more than fifty grams of crack cocaine, thereby providing him with ineffective assistance of counsel; and (3) his trial counsel was ineffective in failing to comply with the court's deadline to submit a proposed plea agreement, thereby depriving Mr. Robertson of the opportunity to obtain a more favorable sentence.

The district court rejected all three arguments. As to calculating his sentence based on the amount of crack cocaine distributed by the conspiracy, the court noted that this argument had been rejected in Mr. Robertson's direct appeal. The court further explained that, because the conspiracy involved the distribution

of crack cocaine rather than powder, consideration of the amounts of crack cocaine was proper. Although Mr. Robertson was convicted of one count of attempting to possess cocaine powder, the court noted that the evidence at trial established that this attempt to possess powder "arose from the fact that the manufacturing chain was interrupted (by law enforcement) before the conspirators could follow their unvarying practice of 'cooking' the powder into crack by adding water and boiling the mixture." Rec. vol. VII, doc. 114, at 10 ( Dist. Ct. Order, filed Feb. 16, 2001).

As to counsel's failure to challenge the sufficiency of the evidence, the court noted that "[t]o determine [whether] there was a conspiracy to distribute more than fifty grams of a controlled substance, one properly looks to the *aggregate* amount sold by the conspirators during the existence of the conspiracy . . . not to whether more that fifty grams was sold on any particular, single occasion." Id. at 9. Finally, as to counsel's failure to submit a plea agreement, the court concluded that Mr. Robertson had failed to establish prejudice.

Mr. Robertson now seeks to appeal the district court's order denying his § 2255 motion. He asserts that the district court erred in rejecting the first two asserted grounds for relief. He has filed a motion to proceed in forma pauperis and also seeks a certificate of appealability.

In order to receive a certificate of appealability, Mr. Robertson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In order to proceed in forma pauperis in this appeal, Mr. Robertson must demonstrate a financial inability to pay the required fees and must advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997) (internal quotation marks omitted).

For substantially the same reasons as set forth by the district court, we conclude that Mr. Robertson is not entitled to a certificate of appealability. Mr. Robertson raised his first asserted ground for relief in his direct appeal, and he cannot raise it again in a § 2255 motion. See United States v. Cox, 83 F.3d 336, 342 (10th Cir. 1996). In any event, as this court noted in the direct appeal:

> [T]he district court specifically found that the conspiracy for which Mr. Robertson was convicted involved only the distribution of crack cocaine, and that no powder cocaine was ever distributed by the conspirators. Thus, it clearly was reasonable to conclude that the powder cocaine would be made into crack cocaine in furtherance of the conspiracy and thus, permissible under the guidelines to sentence Mr. Robertson as if the object of the conspiracy, i.e., "cooking" the powdered cocaine to make crack cocaine and distributing crack cocaine, had been achieved.

. . . Mr. Robertson has not been sentenced both for conspiring to distribute crack cocaine based on the amount of powder cocaine seized and for possession of that powder cocaine. Rather, he has been sentenced only for conspiring to distribute crack cocaine. Accordingly, we conclude that the district court did not err in converting the powder cocaine to crack cocaine in fixing Mr. Robertson's base offense level.

Robertson , 45 F.3d at 1445. [1]

As to Mr. Robertson's second ground for relief, this court has held that the sentencing court must aggregate the total amount of drugs involved in a conspiracy in determining the drug quantity for sentencing purposes.      See United States v. Deninno  , 29 F.3d 572, 578 (10th Cir. 1994) (holding that, when a defendant participates in a conspiracy, "a sentencing court is directed to aggregate the quantities of drugs that were a part of the same course of conduct or common scheme as the offense of conviction").      Thus, the fact that some of the

---

[1] Mr. Robertson also argues that the district court's method of determining drug quantity is inconsistent with Edwards v. United States, 523 U.S. 511 (1998). We disagree.  In Edwards, the jury returned a general verdict that the defendant had conspired to distribute cocaine or cocaine base.  See id. at 1476-77.  The Court noted that, in light of the general verdict, the defendant might have a valid statutory or constitutional claim "if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy."  Id. at 1477.  However, because the defendant's sentence was within the statutory maximum for such a cocaine-only conspiracy, the Court did not consider the contention that the arguably ambiguous verdict led the judge to impose an illegal sentence.  In contrast, in this case, there was no such ambiguity in the jury's verdict: the jury expressly found Mr. Robertson guilty of conspiring to distribute crack cocaine.  See Rec. vol. IV (Verdict Form, dated May 25, 1993).

transactions of the conspiracy involved less than fifty grams of crack cocaine does not indicate that his counsel was ineffective in failing the challenge the sufficiency of the evidence.

Accordingly, for substantially the same reasons set forth by the district court, we deny Mr. Robertson's application for a certificate of appealability, we deny his motion to proceed in forma pauperis, and we DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge