**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN ROBERTSON,

Defendant-Appellant.

No. 08-1460
(D.C. No. 1:92-CR-00335-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Appellant Steven Robertson, a federal prisoner proceeding through counsel, appeals the district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) to modify his sentence based on Amendment 711 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

In 1993, a jury convicted Mr. Robertson of one count of conspiracy to distribute 50 grams or more of crack cocaine, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); one count of possession with intent to distribute 500 grams or more of powder cocaine, pursuant to 21 U.S.C. §§ 841(a)(1) and 846; and five counts of money laundering, pursuant to 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i). In setting Mr. Robertson's base offense level, the original sentencing court applied U.S.S.G. § 1B1.3, which directed that the base offense level take into consideration the harm resulting from the defendant's acts and the harm that was the objective of those acts. The court then found that the objective of the conspiracy was to distribute crack cocaine rather than powder cocaine, and that the probable harm "was the distribution of a quantity of crack cocaine, and that is the basis on which the guideline base offense level should be calculated." R. Vol. V at 16. Consequently, the court determined that the quantity of powder cocaine attributable to Mr. Robertson, 871.9 grams, would have been "cooked" into 683 grams of crack cocaine, thus easily satisfying the Guideline applicable to 500 grams or more of crack cocaine. Therefore, the court applied the Guidelines then in effect pertaining to crack cocaine, which resulted in a base offense level of 36. Adding four levels for Mr. Robertson's role in the offense, with a criminal history level of IV, resulted in a Guidelines sentencing range of 360 months to life. The district court sentenced Mr. Robertson to life in prison.

Mr. Robertson filed a direct appeal, asserting among other claims, that the district erred when it converted the powder cocaine to crack cocaine to calculate his sentence. *United States v. Robertson*, 45 F.3d 1423, 1444-45 (10th Cir. 1995). This court rejected the argument, and affirmed his conviction and sentence. *Id.* at 1450. Mr. Robertson subsequently filed a motion for postconviction relief, again claiming the district court erred in converting the powder cocaine to crack cocaine. The district court denied the motion, and this court denied issuance of a certificate of appealability and dismissed the appeal. *United States v. Robertson*, 43 F. App'x 337 (10th Cir. 2002).

Mr. Robertson then filed the current motion to reduce his sentence under § 3582(c)(2) based on Amendments 706 and 711 of the Guidelines. Amendment 706 "generally adjust[s] downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008). Amendment 711 further amended Amendment 706 and applies to sentences for which "the offense involves cocaine base ('crack') and one or more other controlled substance[s]." U.S.S.G. App'x C Supplement, Amendment 711 (Nov. 1, 2007). Under Amendment 711, each type of drug is converted to its marihuana equivalent and added together; the combined base offense level is then obtained from the drug

quantity table. It, too, was made retroactive as of March 3, 2008. U.S.S.G. App'x C Supplement, Amendment 713 (Mar. 3, 2008).

Upon assignment to a different judge than the original sentencing judge, the district court applied Amendment 706, ruling that Mr. Robertson's revised base offense level was 34, so adding four levels for his role in the offense and with a criminal history level of IV, the revised Guidelines sentencing range was 324 to 405 months. Accordingly, the district court imposed a revised sentence of 405 months imprisonment as to Counts One and Three, the drug counts, and 240 months imprisonment for each of Counts Four through Eight, the money-laundering counts. All sentences are to run concurrently with each other. The court declined Mr. Robertson's request to apply Amendment 711 by converting the 871.9 grams of powder cocaine to its marihuana equivalent, which would result in a sentencing range of 210 to 262 months. The court held that the original sentencing decision to covert the powder cocaine to crack cocaine could not be disturbed on resentencing, so Amendment 711 did not apply. Alternatively, the court stated, "Even if this Court has discretion to disregard the original sentencing court's conversion of the powder cocaine to crack cocaine, . . . the Court declines to do so." R. Vol. I, doc. 243 at 3.

On appeal, Mr. Robertson contends that the district court erred by adhering to the original decision to convert the powder cocaine to crack cocaine and base the guidelines range on the quantity of crack cocaine. He also asserts that his

-4-

revised sentence is procedurally unreasonable because the district court held that it did not have discretion to disregard the original sentencing decision to convert the powder cocaine to crack cocaine.

*Analysis*

"We review *de novo* the scope of a district court's authority in a proceeding under § 3582(c)(2), as well as its interpretation of a statute or the sentencing guidelines." *United States v. Williams*, 575 F.3d 1075, 1076-77 (10th Cir. 2009) (citation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under . . . § 3582(c)(2)." *Sharkey*, 543 F.3d at 1238.

Mr. Robertson first argues that the resentencing court erred by not applying Amendment 711 (converting the drugs to their marihuana equivalent and then looking to the drug equivalency tables) to modify his sentence. He disputes the court's recalculation of his sentence by converting the powder cocaine to crack cocaine, as the original sentencing court had done. This argument was raised and rejected in his direct appeal. *Robertson*, 45 F.3d at 1444-45. "[W]e will not reconsider arguments in support of [a] § 3582(c)(2) motion that were previously rejected in [the defendant's] direct appeal." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009), *petition for cert. filed*, (U.S. Jul. 6, 2009) (No. 09-5145). Therefore, having previously rejected this argument, we do not consider it here.

Mr. Robertson also asserts that his sentence is procedurally unreasonable because the district court erred in holding that it was required to follow the original sentencing court's procedure of converting the powder cocaine to crack cocaine and then applying the appropriate crack-cocaine Guidelines. We need not examine whether the resentencing court correctly held that it was bound by the original sentencing court's decision because even if the district court did err, the error was harmless. *See United States v. Kaufman*, 546 F.3d 1242, 1270 (10th Cir. 2008) (stating where district court commits procedural error, sentence is vacated unless the error was harmless), *petition for cert. filed*, (U.S. Aug. 7, 2009) (No. 09-5830). "[H]armless error is that which did not affect the district court's selection of the sentence imposed, and the burden of proving harmlessness is on the beneficiary of the error–here, [the government]." *Id.* (quotations and citation omitted); *see also United States v. Marshall*, 432 F.3d 1157, 1162 (10th Cir. 2005) (explaining that party seeking to show harmless error must demonstrate, by a preponderance of the evidence, that the court would have imposed the same sentence absent the error).

Mr. Robertson asserts that the district court failed to apply the correct Guidelines and therefore resentenced him to a prison term well above the appropriate range. Generally, where a sentence is outside the recommended Guidelines range, the "court [must] provide the specific reason for the imposition of a sentence different from the Guideline range." *United States v.*

*Pena-Hermosillo,* 522 F.3d 1108, 1117 (10th Cir. 2008) (quotation omitted).

"[F]ailing to adequately explain the chosen sentence" is procedural error. *Gall v.*

*United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).

> Here, the district court stated:
>
> Even if this Court has discretion to disregard the original sentencing court's conversion of the powder cocaine to crack cocaine, . . . the Court declines to do so. The sentencing court justified its life sentence based on the following findings: "This was an extensive 'crack' distribution operation, well-organized and supported by threats and weapons. The misery caused by operations such as this was amply demonstrated by the parade of 'crack' addicts who testified at trial."
>
> The court also determined that the defendant was "at the head of this distribution organization." This court adopts these findings and believes that it would be inappropriate, in applying U.S.S.G. § 1B1.10, to sentence the defendant to anything other than 405 months imprisonment, the top of the relevant guideline range.

R. Vol. I, doc. 243 at 3 (record citations omitted). The district court further noted

that it had considered the factors listed in 18 U.S.C. § 3553(a) in resentencing

Mr. Robertson to 405 months from his original life sentence. *Id.* at 4.

We conclude that the district court adequately explained its alternate ruling

that even if the court had discretion to disregard the original sentencing court's

conversion of powder cocaine to crack cocaine, the court would not have done so.

Accordingly, even if the district court erred by assuming it was bound by the

original sentencing court's conversion, an issue we do not address, the alternative

ruling satisfies the requirement of procedural reasonableness and renders harmless

any error the court may have made in calculating Mr. Robertson's revised sentence.

## *Conclusion*

The district court's revised sentencing order entered pursuant to § 3582(c)(2) is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge