FILED
United States Court of Appeals
Tenth Circuit

May 30, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

STEVEN ROBERTSON,

     Defendant-Appellant.

No. 11-1514
(D.Ct. No. 1:92-CR-00335-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Steven Robertson appeals the district court's grant of his 18

U.S.C. § 3582(c)(2) motion, imposing a reduction in his offense level which

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resulted in a revised sentence of 327 months imprisonment. In his appeal, Mr. Robertson argues the district court miscalculated his offense level in his original sentence by incorrectly attributing 683 grams of crack cocaine to him and adding a four-level enhancement for his role in the offense. He also asserts the district court misapplied the law to include a term of supervised release when it previously modified his sentence under § 3582(c)(2). Although Mr. Robertson has filed a *pro se* appeal, his attorney has filed an *Anders* brief and moved for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Factual and Procedural Background

The following facts are contained in the record on appeal, including the district court's instant order on Mr. Robertson's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) as well as our decisions in his prior appeals before this court. *See United States v. Robertson,* 45 F.3d 1423 (1995) (*Robertson I*); *United States v. Robertson*, 344 F.App'x 489 (10th Cir. 2009) (unpublished op.) (*Robertson II*). On May 25, 1993, a federal jury found Mr. Robertson guilty of: (1) one count of conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base; (2) one count of possession with intent to distribute 500 grams or more of a

-2-

mixture or substance containing a detectable amount of cocaine; and (3) five counts of laundering monetary instruments. *Robertson II*, 344 F.App'x at 490. Prior to sentencing, a federal probation officer prepared a presentence report in conjunction with the 1992 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and grouped his offenses together to calculate his sentence. Based on a total of 69.75 grams of crack cocaine seized during the drug conspiracy in which Mr. Robertson participated, the probation officer initially determined the base offense level at 32. The probation officer also added four offense levels under U.S.S.G. § 3B1.1(a) for Mr. Robertson's role as an organizer or leader in a criminal activity involving five or more participants, which resulted in a total offense level of 36. He also calculated Mr. Robertson's criminal history category at IV, adding three criminal history points because he committed the instant offense while on parole for attempted murder and less than two years following his release from custody for the attempted murder offense. A criminal history category of IV, together with a total offense level of 36, resulted in a Guidelines range of 262 to 327 months imprisonment. The probation officer also noted a term of at least five years supervised release is required under 21 U.S.C. § 841(a)(1) and (b)(1)(A).

In sentencing Mr. Robertson, the district court determined his total offense level should be 40, rather than 32, after making a relevant-conduct finding

converting powder cocaine to crack cocaine and attributing 683 grams of crack cocaine to him.[1] *See Robertson I*, 45 F.3d at 1445-46; *Robertson II*, 344 F.App'x at 490. This revised total offense level, together with a criminal history category of IV, resulted in a Guidelines range of 360 months to life imprisonment. *See Robertson II*, 344 F.App'x at 490. In sentencing Mr. Robertson to life imprisonment, the district court explained it had considered the seriousness of the instant offenses and his extensive criminal history, including the drive-by shooting for which he received the prior attempted murder conviction. It also found Mr. Robertson headed "an extensive 'crack' distribution operation, well-organized and supported by threats and weapons" and caused "misery" as "amply demonstrated by the parade of 'crack' addicts who testified at trial." In sentencing Mr. Robertson to life imprisonment, the district court did not impose a term of supervised release.

Mr. Robertson filed a direct appeal, asserting the district court erred in calculating his sentence by converting the powder cocaine to crack cocaine and applying a four-level enhancement for his role as an organizer or leader in the

---

[1] After finding the objective of the conspiracy involved in the offense was to distribute crack cocaine, the district court determined the quantity of powder cocaine attributable to Mr. Robertson, which was 871.9 grams, would have been cooked into 683 grams of crack cocaine, thereby satisfying the Guidelines application of 500 grams or more of crack cocaine. *See Robertson I*, 45 F.3d at 1445-46; *Robertson II*, 344 F.App'x at 490.

drug trafficking conspiracy. *See Robertson I*, 45 F.3d at 1445-49. We rejected his argument and affirmed his conviction and sentence. *Id.* at 1450. Mr. Robertson unsuccessfully filed a motion for post-conviction relief, again claiming the district court erred in converting the powder cocaine to crack cocaine, after which we denied issuance of a certificate of appealability and dismissed his appeal. *See United States v. Robertson*, 43 F.App'x 337 (10th Cir. 2002).

In 2007, the United States Sentencing Commission (Sentencing Commission) issued Amendment 706 which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine, effective November 1, 2007, and retroactive as of March 3, 2008.[2] In November 2007, Mr. Robertson filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706. On November 14, 2008, the district court held a resentencing hearing on the motion. The district court granted the motion for a two-level reduction and determined Mr. Robertson's criminal history category of IV, together with a total offense level of 38, resulted in a Guidelines range of 324 to 405 months. In sentencing Mr. Robertson to 405 months imprisonment and five years supervised release, the district court stated it had considered the sentencing factors in 18 U.S.C. § 3553(a) and concluded his positive post-sentencing conduct

_____

[2] *See* U.S.S.G. App. C, Vol. III, Amends. 706 (Reason for Amend.), 712, 713.

did not outweigh his underlying convictions and prior criminal history, which were negative factors. It also rejected Mr. Robertson's attempt to revisit the prior relevant decision holding him responsible for the 683 grams of crack cocaine previously attributed to him. Mr. Robertson appealed the district court's decision, again alleging it erred in converting the powder cocaine to crack cocaine. *See Robertson II*, 344 F.App'x at 492. We rejected Mr. Robertson's argument and affirmed. *Id.*

Two years later, Congress enacted the Fair Sentencing Act of 2010, which reduced the mandatory minimum sentencing penalties for crack cocaine sentences by significantly reducing the prior crack/powder ratio but which did not apply retroactively to defendants sentenced under the prior sentencing ratio statute. *See* Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010)*; see also United States v. Lewis*, 625 F.3d 1224, 1226-28 (10th Cir. 2010) (holding statutory reduction in mandatory minimum penalty based on new ratio is not retroactive), *cert. denied*, 131 S. Ct. 1790 (2011). The Act also directed the Sentencing Commission to revise the Guidelines to reflect a change in the crack/powder ratios. *See* Pub. L. No. 111-220, 124 Stat. 2372, 2374 (Aug. 3, 2010). Based on that directive, the Sentencing Commission again reduced the Drug Quantity Table offense levels for crack cocaine and gave those reductions retroactive effect by amending U.S.S.G. § 1B.10(c), which allows district courts to retroactively reduce a defendant's term

of imprisonment under 18 U.S.C. § 3582(c)(2) for certain expressly cited amendments.[3]  Thereafter, Mr. Robertson filed an unopposed motion to reduce his sentence based on the changes in the Drug Quantity Table.  He argued the 683 grams of crack cocaine attributed to him resulted in an offense level of 32 under the newly-revised Drug Quantity Table, which, together with the other Guidelines calculations, resulted in a Guidelines range of 262 to 327 months imprisonment. The district court granted Mr. Robertson's § 3582(c) motion and modified his sentence from 405 months imprisonment to 327 months.  In so doing, it determined "[n]ot only is a top of the guideline range sentence consistent with the original sentence and the reasons that the Court identified at the November 2008 resentencing, but it is consistent with the trial judge's assessment of the defendant's role in the offense and the harm caused by [him]."  In making this determination, the district court adopted the findings made at the original sentencing hearing and addressed the factors outlined in 18 U.S.C. § 3553(a) before imposing the 327-month sentence.

## II.  Discussion

Following Mr. Robertson's *pro se* notice of appeal, his appointed counsel

---

[3]  *See* U.S.S.G. App. C, Vol. III, Amends. 748, 750, and 759 which amended U.S.S.G. §§ 1B1.10 and 2D1.1 and provided retroactive application of the lower crack cocaine drug offense levels when proceeding under 18 U.S.C. § 3582(c)(2).  *See also* Sentencing Commission's Sentencing Guidelines Notice, 76 FR 41332-01, 2011 WL 2689212 (July 13, 2011).

filed an *Anders* appeal brief explaining that after a careful examination of the relevant law and record on appeal, no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. In support, counsel explains the issues Mr. Robertson seeks to raise are not covered by 18 U.S.C. § 3582(c)(2) because they concern the initial findings made over twenty years ago in the original sentence, including the 683 grams of crack cocaine the district court found attributable to him, as well as the first sentence modification made thereafter, which included of a term of supervised release. In support, counsel relies on *Dillon v. United States*, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010). While counsel acknowledges Mr. Robertson may attack the district court's decision to impose a sentence at the top of the revised Guidelines range, he points out his sentence is within the properly-calculated Guidelines range, which is entitled to a presumption of reasonableness. He also asserts the district court did not appear to abuse its discretion or otherwise act arbitrarily, capriciously, or whimsically in imposing Mr. Robertson's 327-month sentence and supervised release, nor otherwise act with manifest unreasonableness in light of the factual findings.

Pursuant to *Anders,* this court gave Mr. Robertson an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Thereafter, on February 22, 2012, Mr. Robertson filed a *pro se* response, asserting the district court imposed an illegal sentence by converting the powder cocaine to crack

cocaine, thereby applying an incorrect drug quantity as well as inappropriately adding a four-level enhancement for his role in the offense, resulting in an inaccurate total offense level. He also claims the district court misapplied the law to include a term of supervised release during his prior modification proceeding. The government filed a notice of its intention not to file an answer brief in this appeal, stating the analysis and conclusions by Mr. Robertson's counsel in the *Anders* brief accurately address the substance of Mr. Robertson's claims.

As required by *Anders*, we have conducted a full examination of the record before us. *See Anders*, 386 U.S. at 744. We agree with counsel's assessment of the issues presented. As explained in *Dillon*, courts cannot modify the term of imprisonment previously imposed, except through 18 U.S.C. § 3582, including § 3582(c)(2), which allows application of certain identified retroactive amendments to the Guidelines range. *See* 130 S. Ct. at 2687-88. It also explained all other Guidelines decisions made during the prior sentencing remain unaffected in such modification proceedings. *Id.* at 2689.

As a result, Mr. Robertson cannot challenge the underlying factual findings supporting his original sentence, including the district court's findings he is accountable for 683 grams of crack cocaine and maintained a role as a leader or organizer in the drug trafficking offense for which he was convicted. Moreover,

we have repeatedly rejected Mr. Robertson's arguments on these issues on appeal.

Mr. Robertson is also prohibited from contesting the district court's prior modification of his sentence to include a term of supervised release. Instead, 18 U.S.C. § 3582(c)(2) only permits a reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See also* U.S.S.G. § 1B1.10(a)(2)(B).

Finally, Mr. Robertson's appeal raises the same issues we have repeatedly considered and rejected, making his appeal frivolous. In the future, we will not expend further judicial resources considering matters which have either previously been adjudicated or otherwise deemed meritless. We caution Mr. Robertson future frivolous appeals on these or any other matters may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both appellate filing restrictions and sanctions.[4] We further caution that the fact he is a *pro se* litigant does not

---

[4] "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (*per curiam*) (quotation marks omitted). We possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (*per curiam*). We have long held that where a party has engaged in a pattern of litigation activity which is

(continued...)

-10-

prohibit the court from imposing such sanctions on him.  *See Haworth v. Royal*,

347 F.3d 1189, 1192 (10th Cir. 2003).


III.  Conclusion

For these reasons, no meritorious appellate issue exists for our review on

direct appeal.  Accordingly, we **GRANT** counsel's motion to withdraw and

**DISMISS** Mr. Robertson's appeal.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[4](...continued)
manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given.  *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *In re Winslow*, 17 F.3d at 315.  We may impose filing restrictions based on our inherent power to regulate federal dockets, promote judicial efficiency and deter frivolous filings.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986).  Moreover, Rule 38 of the Federal Rules of Appellate Procedure allows this court to award damages as a sanction for a frivolous appeal.