FILED
United States Court of Appeals
Tenth Circuit

September 25, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AUBREY MURPHY, SR.,

Defendant - Appellant.

No. 09-6003

(W.D. Oklahoma)

(D.C. No. CR-97-00137-L-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Aubrey Murphy, Sr. pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute and to distribute cocaine base (crack cocaine) from June 1996 through July 1997, in violation of 21

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 846. On August 18, 1998, he was sentenced to 222 months' imprisonment, followed by five years of supervised release. This court affirmed his sentence on direct appeal. United States v. Murphy, No. 98-6341, 1999 WL 181402 (10th Cir. April 2) (unpublished), cert. denied, 528 U.S. 884 (1999). On December 6, 2000, the district court denied Mr. Murphy's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mr. Murphy did not appeal that denial.

On January 17, 2008, Mr. Murphy filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2), seeking to modify his sentence by means of the retroactive application of Amendment 706 to the United States Sentencing Commission, Guidelines Manual ("USSG") § 2D1.1(c), which lowered the Drug Quantity Table two levels for offenses involving crack cocaine. See USSG § 2D1.1 (Nov. 1, 2007); USSG Supp. to App'x C, Amend. 706; United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008) ("The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine."). The district court dismissed the motion for lack of jurisdiction, finding that Mr. Murphy did not qualify for a reduction in sentence because his base offense level of 38 remained unchanged. That is, his base offense level at sentencing was 38, predicated upon the twenty-five to twenty-seven kilogram quantity of crack cocaine attributable to him, and it remains at 38, post- Amendment 706, because now a defendant responsible for 4.5 kilograms or

more of crack cocaine still receives a base offense level of 38. Thus, the Amendment would not change his Guidelines range. See USSG § 2D1.1(c)(1). The court subsequently denied a motion filed by an attorney retained by Murphy to reconsider that dismissal. This appeal followed. We affirm the district court's dismissal of Mr. Murphy's 18 U.S.C. § 3582(c)(2) motion to modify his sentence.

## BACKGROUND

The Federal Bureau of Investigation ("FBI") began investigating Mr. Murphy's drug-related activities in May 1997, after Murphy's stepson, Adrian Satchell, informed the FBI that he had been involved with Mr. Murphy in distributing crack cocaine. Mr. Murphy's friends and relatives who lived in Oklahoma City and Clinton, Oklahoma, were also involved. As summarized in our unpublished opinion affirming Mr. Murphy's sentence, Murphy's conduct included the following:

> The evidence presented and considered by the district court shows that Mr. Satchell acted as a drug courier, transporting multi-kilogram quantities of cocaine to Mr. Murphy in Oklahoma City from Mr. Murphy's California supplier, Edward McFadden. Testimony from the sentencing hearing shows that while Mr. McFadden acted as a leader and organizer of the cocaine organization, Mr. Murphy managed the Oklahoma City end of the conspiracy involving thirteen other members. During this conspiracy, Mr. Murphy (1) instructed Mr. Satchell when to go to California and other locations to pick up cocaine, (2) provided him the names and telephone numbers of persons for Mr. Satchell to contact, (3) directed him when to travel to pick up money from cocaine sales, and (4) instructed him when to deliver the money to Mr. McFadden. In addition, on several

occasions Mr. Murphy made transportation arrangements, such as renting vans for Mr. Satchell to use during his trips.

Murphy, 1999 WL 181402, at *2.

Based upon this activity, the presentence report ("PSR") prepared by the United States Probation Office in anticipation of Mr. Murphy's sentencing determined that Mr. Murphy should be held accountable for a quantity of drugs which included, as indicated above, twenty-five to twenty-seven kilograms of crack cocaine. This drug quantity amount was based largely upon evidence provided by others involved in the conspiracy. That drug quantity yielded a base offense level of 38, which, following upward and downward adjustments, along with a criminal history category of I, resulted in a Guidelines sentencing range of 235 to 293 months. At the sentencing hearing, the district court adopted the PSR and its recommendations and granted the government's motion for a sentence reduction pursuant to USSG. § 5K1.1. It then sentenced Mr. Murphy to 222 months, followed by five years of supervised release.

Mr. Murphy did not object to the drug quantity attributed to him in the PSR, nor did he challenge that drug quantity at his sentencing hearing or in his direct appeal.[1] Instead, he brought this 18 U.S.C. § 3582(c)(2) motion to modify

_____

[1]In his direct appeal, Murphy challenged the sentencing enhancement he received for his leadership role in the conspiracy, the district court's refusal to apply the "safety valve" provision to his sentence, the district court's failure to consider his age and physical infirmities, and the district's court's allegedly improper consideration of the disparity of his sentence, compared with his much

(continued...)

his sentence. His argument is as follows: The one-count information charging Mr. Murphy with conspiracy to possess cocaine base/crack cocaine with the intent to distribute did not allege a specific amount. Mr. Murphy pled guilty pursuant to a plea agreement which stated that the government "believe[d] it [had] evidence to hold the defendant accountable for a quantity of cocaine base in excess of 1.5 kilograms." Doc. 25 at 3, R. Vol. 1. Because the twenty-five to twenty-seven kilogram quantity was "based primarily on estimates of an informant and amounts provided by his codefendant in debriefing with agents," he argues that the proper drug quantity for which he should be held accountable is the "in excess of 1.5 kilograms" to which he pled guilty in the plea agreement. Appellant's Op. Br. at 7. He further argues that the principles of United States v. Booker, 543 U.S. 220 (2005), mandate that he receive a "proportional sentence based on the Sentencing Commission's determination [that] the unwarranted disparity in punishment between cocaine powder and cocaine base warranted relief." Appellant's Op. Br. at 7.

## DISCUSSION

"We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." Sharkey, 543 F.3d at 1238.

---

[1](...continued)
younger, female co-defendants, when it calculated the extent of its downward departure for Murphy's sentence.

When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation, citation, and alteration omitted).

Section 3582(c)(2) allows a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (emphasis added).

The applicable policy statement, USSG § 1B1.10, provides that where "the guideline range applicable to [a] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10(a) (2008). Subsection (c) includes Amendment 706 among the enumerated amendments. In determining the extent of any reduction under § 3582(c)(2), "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). The policy statement

further provides that: "A reduction in the defendant's term of imprisonment is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

As a result of Amendment 706, the current highest offense level of 38 would require a quantity of 4.5 kilograms or more of cocaine, rather than the 1.5 kilograms previously required for level 38. See USSG Supp. to App'x C, Amend. 706 (Reason for Amend.). On December 11, 2007, the Sentencing Commission voted to make Amendment 706 retroactive, through Amendments 712 and 713. See USSG § 1B1.10(a) and (c); USSG Supp. to App'x C, Amends. 712 and 713.

Mr. Murphy "acknowledges it appeared he was not eligible for the two level sentence reduction because he was sentenced for more than 4.5 kilograms of cocaine base." Appellant's Op. Br. at 8. However, he contends that "his plea of guilty, at most, justifies an offense level of 36 because his admission of guilt extended only to an amount more than 1.5 kilograms of cocaine base. Mr. Murphy maintains that any drug quantities exceeding 4.5 kilograms of cocaine base were only estimates given to agents by coconspirators." Id. at 8-9. With an offense level of 36, Mr. Murphy claims his advisory Guidelines range would have been 188 to 235 months, and that a revised sentence of 177 months would reflect "a proportional sentence." Id. at 9.

Mr. Murphy's argument amounts to an attempt to collaterally attack the drug quantity originally calculated at his sentencing. He may not use § 3582(c)(2) to collaterally attack his original sentence. "An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct [a] sentence pursuant to 28 U.S.C. § 2255." United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003); United States v. Williams, 290 Fed. Appx. 133, 2008 WL 3861175, **2 (10th Cir. 2008) ("By challenging the quantity of drugs calculated by the sentencing court, [defendant] is attempting to use his § 3582(c)(2) motion as a vehicle to challenge the substance of, or the proceedings that determined, his original sentence.").

Finally, Mr. Murphy argues that the remedial opinion in United States v. Booker, 543 U.S. 220 (2005), as well as the provisions of 18 U.S.C. § 3553(a), should govern the modification of his sentence and should permit the district court to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). We have, however, repeatedly rejected the notion that the principles informing Booker have any role in a sentencing modification proceeding under § 3582(c)(2). See United States v. Rhodes, 549 F.3d 833, 839 (10th Cir. 2008) ("Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)."), cert. denied, 129 S. Ct. 2052 (2009); see also United States v. Pedraza, 550 F.3d 1218, 1220 (10th Cir. 2008) ("A resentencing proceeding is an entirely different animal

that does not implicate the Sixth Amendment concerns that drove the <u>Booker</u> remedy."), <u>cert. denied</u>, 129 S. Ct. 2406 (2009).  Accordingly, any "argument that <u>Booker</u> and the Sixth Amendment mandate discretion to impose a below-guidelines sentence at resentencing has been settled:  they do not." <u>Pedraza</u>, 550 F.3d at 1220.

## CONCLUSION

For the foregoing reasons, the district court's decision is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge