FILED
United States Court of Appeals
Tenth Circuit

April 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SAIGE ELISE BOWMAN, a/k/a Saige
Alise Bowman,

      Defendant - Appellant.

No. 15-5086
(D.C. No. 4:12-CR-00190-GKF-3)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

    After the United States Sentencing Commission adopted a retroactive amendment

to the Sentencing Guidelines for various drug offenses, Defendant Saige Bowman moved

under 18 U.S.C. § 3582(c)(2) for a reduction in her sentence. The district court denied

the motion because the amendment did not reduce Defendant's applicable guideline

sentencing range. Defendant appeals. We have jurisdiction under 28 U.S.C. § 1291. We

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agree with the analysis of the district court but vacate the order denying the motion and remand for entry of an order dismissing the motion for lack of jurisdiction.

On January 18, 2013, Defendant pleaded guilty in the United States District Court for the Northern District of Oklahoma to one count of conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). Given the amount and type of drug involved (nine kilograms of methamphetamine), her base offense level was 36. *See* USSG § 2D1.1(c). But because of prior felony drug convictions, Defendant qualified as a career offender, with a concomitant superseding base offense level of 37. *See* USSG § 4B1.1(a). The district court calculated a guideline sentencing range of 262–327 months' imprisonment and sentenced Defendant to 120 months.

The Sentencing Commission later adopted Amendment 782, which reduces by two levels many of the base offense levels for drug offenses. The amendment is retroactive. Defendant's § 3582(c)(2) motion sought a two-point reduction under the amendment.

As we have previously said:

> "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 560 U.S. 817, 819 (2010) (*quoting* 18 U.S.C. § 3582(c)). But an exception lies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In that event the sentencing court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a)." *Id.* Any reduction under § 3582(c)(2) must, however, be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement is found at USSG § 1B1.10, "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)." *See Dillon,* 560 U.S. at 827 ("§ 3582(c)(2)

2

requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification.").

*United States v. Mendoza*, No. 15-3151, 2016 WL 1238169, at *1 (10th Cir. Mar. 30, 2016). According to § 1B1.10, a district court is not authorized to reduce a defendant's sentence under an amendment to the sentencing guidelines if that amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). In some cases an amendment does not lower a defendant's applicable guideline range "because of the operation of another guideline or statutory provision." *Id.* cmt. n.1(A). That is the case here. Although Amendment 782 reduced the base offense level for nine kilograms of methamphetamine under USSG § 2D1.1(c) from 36 to 34, that level is inapplicable because it is superseded by Defendant's career-offender level of 37. *See* USSG § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). The district court therefore lacked authority to reduce Defendant's term of imprisonment.

Defendant argues that her classification as a career offender was vitiated by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the definition of *violent felony* in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. She correctly points out that the definition of *crime of violence* in the guidelines has the same language in its residual clause, USSG § 4B1.2(a)(2), as is in the residual clause of the ACCA definition of *violent felony*. But we reject her argument on two grounds. First, § 3582(c)(2) authorizes a sentence

3

reduction only if a defendant's guideline range "has subsequently been lowered by the Sentencing Commission." That section may not be used to challenge the constitutionality of a sentence based on a decision of the United States Supreme Court. *See United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("[E]ven if [a Supreme Court decision] could be read to be an implicit lowering of [the defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." (emphasis omitted)). Defendant's challenge can now be raised only (if at all) under 28 U.S.C. § 2255. *See United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) ("Nothing in the limited congressional grant of authority to modify sentences provided by § 3582(c)(2) allows [the defendant] to challenge the constitutionality of his sentence. He must do so either on direct appeal or in a § 2255 petition.").

Second, Defendant's challenge loses on the merits. To be a career offender one must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Defendant argues that she was erroneously classified as a career offender because her conviction for passing a bad check was wrongly deemed a crime of violence. That conviction, however, was not considered in determining that she was a career offender. That status was based on her prior drug convictions. The *Johnson* ruling concerning the vagueness of the residual clause was irrelevant.

We also reject Defendant's argument that her prior drug offenses should be counted as only one offense under USSG § 4A1.2(a)(2). The guidelines state that

4

"[p]rior sentences always are counted separately if … the defendant is arrested for the first offense prior to committing the second offense," *id.*, and Defendant committed her second offense more than a year after her arrest for the first offense.

Thus, the district court properly ruled that Defendant was not entitled to relief. But rather than entering an order denying relief, the court should have dismissed the motion for lack of jurisdiction. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (if a sentence reduction is not authorized by § 3582, "dismissal rather than denial is the appropriate disposition.").

We VACATE the order denying Defendant's motion and REMAND with instructions to DISMISS for lack of jurisdiction. Defendant's motion to proceed *in forma pauperis* is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge

5