FILED
United States Court of Appeals
Tenth Circuit

June 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RODNEY MILLER,

      Defendant - Appellant.

No. 15-2228
(D.C. No. 1:97-CR-00731-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

      Defendant Rodney Miller appeals from an order of the United States District Court

for the District of New Mexico denying his motion for a reduced sentence under 18

U.S.C. § 3582(c)(2).  Discerning no meritorious issues for appeal, defense counsel

submitted an *Anders* brief including a request to withdraw as counsel.  *See Anders v.*

*California*, 386 U.S. 738, 744 (1967) (defense counsel may request permission to

withdraw if counsel conscientiously examines a case and determines that any appeal

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

would be **"**wholly frivolous"); *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005); 10th Cir. R. 46.4(B)(1). Defendant was given the opportunity to respond to counsel's filings but did not file a response. After conducting our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, we agree with counsel that there are no nonfrivolous issues for appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal and grant counsel's motion to withdraw.

On April 7, 1998, Defendant pleaded guilty to possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1). Given the then-applicable sentencing guidelines and the amount and type of drugs involved, his base offense level was 32. But because of prior felony convictions, Defendant qualified as a career offender and, as such, received a superseding base offense level of 37. The presentence report calculated a guideline sentencing range of 262–327 months' imprisonment. On July 31, 1998, the court adopted this calculation and sentenced Defendant to 262 months.

The Sentencing Commission later promulgated Amendment 782 to the Sentencing Guidelines, which reduces by two levels many of the base offense levels for drug offenses. The amendment is retroactive. Defendant moved under § 3582(c)(2) for a two-point reduction under the amendment.

Defense counsel stated that Defendant is ineligible for a sentence reduction under the amendment and that he could not identify any nonfrivolous grounds for appeal. After reviewing the record, we agree. A defendant sentenced as a career offender is not entitled to a sentence reduction under Amendment 782 and 18 U.S.C. § 3582(c)(2). *See United States v. Bowman*, No. 15-5086, 2016 WL 1598745 at *1 (10th Cir. Apr. 21,

2

2016) ("Although Amendment 782 reduced the base offense level for [the type and quantity of drugs involved] . . . , that level is inapplicable because it is superseded by Defendant's career-offender level . . . . The district court therefore lacked authority to reduce Defendant's term of imprisonment.").

The district court properly ruled that Defendant was not entitled to relief, but Defendant's motion should have been dismissed for lack of jurisdiction rather than denied. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (if a sentence reduction is not authorized by § 3582, "dismissal rather than denial is the appropriate disposition"). We therefore VACATE the order denying Defendant's motion and REMAND with instructions to DISMISS for lack of jurisdiction. We also GRANT counsel's motion to withdraw.

Entered for the Court


Harris L Hartz
Circuit Judge

3