FILED
United States Court of Appeals
Tenth Circuit

July 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN THOMAS FISHER,

    Defendant - Appellant.

No. 15-5100
(D.C. No. 4:00-CR-00033-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant John Fisher moved for a reduced sentence under 18 U.S.C.
§ 3582(c)(2). The district court denied the motion and Defendant appeals. We have
jurisdiction under 28 U.S.C. § 1291. We agree with the district court's reasoning but
vacate the order denying the motion and remand for entry of an order dismissing the
motion for lack of jurisdiction.

On September 20, 2000, a jury convicted Defendant on five counts of federal drug
and weapons charges. One count carried a mandatory 10-year sentence to be served

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

consecutively to his sentence on the other counts. The presentence report (PSR) prepared by the probation office calculated a provisional offense level of 24 for the other convictions. But because of prior felony convictions Defendant qualified as a career offender and received an adjusted offense level of 32, leading to a guideline sentencing range of 210–262 months' imprisonment for the four convictions. The district court adopted the PSR and sentenced Defendant to 330 months' imprisonment, the bottom of the combined guideline range.

The Sentencing Commission later promulgated Amendment 782, which applies retroactively and reduces by two levels many of the base offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c). Defendant's motion under § 3582(c)(2) is based on the amendment.

It is settled, however, that an amendment to the drug-quantity table at § 2D1.1(c) provides no relief to a defendant sentenced as a career offender under USSG § 4B1.1(b). *See, e.g., United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (Amendment 706); *United States v. Bowman*, No. 15-5086, 2016 WL 1598745, at *1 (10th Cir. Apr. 21, 2016) (Amendment 782). A court may reduce a sentence under § 3582(c) only if that reduction is consistent with the policy statement at USSG § 1B1.10. *See* 18 U.S.C. § 3582(c)(2). And under that policy statement a court may not reduce a sentence based on an amendment to the Sentencing Guidelines if that amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). Although Amendment 782 reduced Defendant's provisional base offense level, it did not lower his final offense level of 32, which was required by his career-offender status. *See*

2

USSG § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). The district court therefore lacked authority to reduce Defendant's term of imprisonment. It properly ruled that Defendant was not entitled to relief, but it should have dismissed the motion for lack of jurisdiction instead of denying the motion. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (if a sentence reduction is not authorized by §3582, "dismissal rather than denial is the appropriate disposition."); *United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("While . . . the district court did not err in holding that [the defendant] was ineligible for a sentence reduction under § 3582(c)(2), his motion should have been dismissed, not on the merits, but on jurisdictional grounds.").

Defendant also argues that the court sentenced him incorrectly by wrongly classifying him as a career offender. But § 3582(c)(2) does not grant the district court jurisdiction to hear a challenge to the initial propriety of a sentence. A district court may modify a sentence "only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255," not via § 3582(c)(2). *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). Section 3582(c)(2) grants jurisdiction only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 28 U.S.C. § 3582(c)(2).

3

We VACATE the order denying Defendant's motion and REMAND with instructions to DISMISS for lack of jurisdiction. Defendant's Motion for Release Pending Appeal is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge