FILED
United States Court of Appeals
Tenth Circuit

August 19, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARL L. LESTER,

     Defendant - Appellant.

No. 15-3314
(D.C. No. 5:09-CR-40074-SAC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

     Defendant Carl Lester appeals from an order of the United States District Court

for the District of Kansas denying his motion for a reduced sentence under 18 U.S.C.

§ 3582(c)(2) based on Amendment 782 to the United States Sentencing Commission

Guidelines Manual. The district court denied the motion because the amendment did not

reduce Defendant's applicable guideline sentencing range. We have jurisdiction under 28

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

U.S.C. § 1291. We agree with the analysis of the district court but vacate the order denying the motion and remand for entry of an order dismissing the motion for lack of jurisdiction.

After a search of his residence revealed drugs, drug-trafficking paraphernalia, and firearms, Defendant pleaded guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). The presentence report (PSR) calculated the base offense level under USSG § 2K2.1(a)(2), which governs firearms offenses. Under that provision the base offense level was 24 because Defendant had twice previously been convicted of felony crimes of violence. The PSR increased the offense level by 4, to 28, because the offense involved the possession of between 8 and 24 firearms. *See* USSG § 2K2.1(b)(1)(B). It further increased the offense level because the offense involved a stolen firearm. *See id.* § 2K2.1(b)(4)(A). Ordinarily this is a 2-level enhancement but because "[t]he cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed level 29, except if subsection (b)(3)(A) [relating to rockets and missiles] applies," USSG § 2K2.1(b), and a 2-level enhancement would have put Defendant's cumulative offense level at 30, only a 1-level enhancement was applied. Defendant's offense level was increased an additional 4 levels under § 2K2.1(b)(6) for possessing the firearms in connection with another felony offense—namely, distribution of a controlled substance—bringing his cumulative offense level to 33. After a 2-level reduction for acceptance of responsibility under USSG § 3E1.1(a) and an additional 1-level reduction because he timely entered a guilty plea, *see id.* § 3E1.1(b), Defendant's total offense level came to 30.

Given Defendant's criminal history, his guideline sentencing range was 151–188 months, but the guideline range was reduced to 120 months because that is the statutory maximum for the crime of conviction. The court adopted the PSR without change and sentenced Defendant to 120 months' imprisonment.

The Sentencing Commission later promulgated Amendment 782, which applies retroactively and reduces by two levels many of the base offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c). Defendant's motion under § 3582(c)(2) is based on the amendment.

Section § 3582(c)(2), however, authorizes the court to reduce a defendant's sentence only if the reduction is consistent with the policy statement at USSG § 1B1.10. *See* 18 U.S.C. § 3582(c)(2). Under the policy statement a defendant is not eligible for a reduced sentence based on an amendment to the Sentencing Guidelines if that amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). Thus, we have consistently held that even when a defendant's provisional offense level is derived from the drug-quantity table at § 2D1.1(c), the court has no authority to reduce that defendant's sentence under § 3582(c) and Amendment 782 if the defendant had been sentenced as a career offender. *See, e.g.*, *United States v. Bowman*, No. 15-5086, 2016 WL 1598745, at *1 (10th Cir. April 21, 2016); *United States v. Fisher*, No. 15-5100, 2016 WL 4064140, at *1 (10th Cir. July 28, 2016). The same result obtains when, as here, § 2D1.1(c) did not play even a provisional role in the calculation of Defendant's offense level. Although the court noted the undisputed quantity of drugs found at Defendant's house, these findings went only to

3

support its imposition of the four-level enhancement for possessing a firearm in connection with drug trafficking. That enhancement stems from USSG § 2K2.1(b)(6), a provision unaffected by Amendment 782. The district court therefore properly ruled that it lacked jurisdiction to grant Defendant relief.

The court, however, entered an order denying relief rather than dismissing the case, as required by our precedents. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("While . . . the district court did not err in holding that [the defendant] was ineligible for a sentence reduction under § 3582(c)(2), his motion should have been dismissed, not on the merits, but on jurisdictional grounds."); *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (if a sentence reduction is not authorized by § 3582, "dismissal rather than denial is the appropriate disposition.").

We therefore VACATE the order denying Defendant's motion and REMAND with instructions to DISMISS for lack of jurisdiction. Defendant's motion to proceed in forma pauperis is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge

4