[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15411
Non-Argument Calendar
_____

D.C. Docket No. 7:10-cr-00024-HL-TQL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY FAISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 6, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Corey Faison, proceeding *pro se,* appeals the district court's denial of his

motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on

Amendments 706 and 782 to the Sentencing Guidelines. He contends that his 110-month sentence is above the guidelines range, after applying Amendments 706 and 782, and thus should be reduced. He also challenges, for the first time, his career-offender designation. He argues that his prior convictions no longer qualify as predicate convictions under U.S.S.G. § 4B 1.1, in light of the Supreme Court's decision in *Johnson v. United States,* 576 U.S.____ , 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)—in which the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo. United States v. Colon,* 707 F.3d 1255,1258 (11th Cir. 2013).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* When the district court considers a § 3582(c)(2) motion, it must first recalculate the guidelines range under the amended guidelines. *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000). When recalculating the guidelines range, it can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing. *Id.* A defendant is eligible for a sentence

2

reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guidelines range that was calculated by the sentencing court prior to any departure or variance. U.S.S.G. § 1B1.10, comment. (n. 1(A)).

Amendment 706 reduced the U.S.S.G. § 2D 1.1(c) offense levels in crack cocaine cases and became effective in November 2007. U.S.S.G. App. C, amend. 706. Similarly, Amendment 782 provided a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in § 2Dl.l(c) and became effective in November 2014. U.S.S.G. App. C, amend. 782. A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guidelines range upon which his sentence was based. *United States v. Moore,* 541 F.3d 1323,1330 (11th Cir. 2008). Specifically, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guidelines range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1. *United States* v. *Lawson,* 686 F.3d 1317,1321 (11th Cir. 2012). Because an amendment to § 2D 1.1 does not affect a career offender's guidelines range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline. *Id.* (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines).

3

Section 3582(c)(2) does not authorize resentencing. *Dillon* v. *United States,* 560 U.S. 817, 831,130 S. Ct. 2683, 2694,177 L. Ed. 2d 271 (2010). Indeed, the Supreme Court has noted that it only permits sentence reduction within narrow bounds, and that the relevant policy statement instructs that a court proceeding under that subsection "shall leave all other guideline application decisions unaffected." *Id.*

The district court did not err by denying Faison's motion for a sentence reduction because Amendments 706 and 782 did not lower his guidelines range. Amendments 706 and 782 did not affect Faison's guidelines range because his total offense level and guidelines range were determined by the career-offender guideline in § 4B1.1, not § 2D1.1. *See also Lawson,* 686 F.3d at 1321. Moreover, the fact that the court departed below the guidelines range has no bearing on whether Amendments 706 and 782 apply to Faison. *See* U.S.S.G. § 1B1.10, comment, (n. 1(A)) (stating that the retroactively applicable amendment must reduce the defendant's guidelines range that was calculated before the application of a departure). Although Faison argues that his career offender designation is no longer valid in light of *Johnson,* that issue lies outside the scope of the present proceeding. *See Dillon,* 560 U.S. at 831,130 S. Ct. at 2694. Therefore, the court correctly concluded that Faison was ineligible for a sentence reduction based on Amendments 706 and 782.

4

**AFFIRMED.**