FILED
United States Court of Appeals
Tenth Circuit

August 1, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DETRICK LARON FORD,

      Defendant - Appellant.

No. 16-6280
(D.C. No. 5:02-CR-00171-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Detrick Laron Ford, proceeding pro se,[1] appeals the district court's denial of

his request for a sentence reduction under 18 U.S.C. § 3582(c). Exercising

jurisdiction under 28 U.S.C. § 1291, we conclude Mr. Ford was ineligible for a

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] Because Mr. Ford proceeds pro se, we construe his filings liberally. *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]
arguments liberally; this rule of liberal construction stops, however, at the point at
which we begin to serve as his advocate.").

reduced sentence, vacate the district court's order denying the motion, and remand

for dismissal for lack of jurisdiction.

## I.   BACKGROUND

### A. *Guilty Plea*

On November 14, 2002, Mr. Ford pled guilty to possession with intent to

distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a)(1).  The

Government promised in the plea agreement to state at sentencing that it was "aware

of at least 10 kilograms but less than 30 kilograms of a mixture or substance

containing a detectable amount of [PCP] attributable to this defendant."  ROA, Vol. 1

at 29.

### B. *Initial Sentencing: Base Offense Level of 35, Range of 292 to 365 Months*

At Mr. Ford's May 7, 2003 sentencing hearing, the parties stipulated that "the

base offense level regarding the drug quantity would be appropriately determined to

be a level 36."  ROA, Vol. 1 at 101-02.[2]  This base offense level corresponded with

the applicable base offense level under § 2D1.1 of the 2002 United States Sentencing

Guidelines ("U.S.S.G." or "Guidelines") for 10 to 30 kilograms of PCP—the drug

quantity listed in the plea agreement.  *See* U.S.S.G. § 2D1.1(c)(2) (2002).  We refer

to this base offense level as Mr. Ford's "drug-quantity base offense level."  The

district court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for

---

[2] This base offense level corresponded with the applicable 2002 Guidelines
base offense level for at least 10 but less than 30 kilograms of PCP.  *See* U.S.S.G.
§ 2D1.1(c)(2) (2002).

possessing a firearm during the commission of the offense and a three-level reduction for Mr. Ford's acceptance of responsibility under U.S.S.G. § 3E1.1.

Thus, using a base offense level of 36, adding a two-level firearm enhancement, and applying a three-level acceptance of responsibility reduction, Mr. Ford's adjusted offense level was 35 (36 + 2 – 3). Based on his criminal history category of IV, his resulting Guidelines range was 292 to 365 months in prison. The district court sentenced Mr. Ford to 292 months.

The parties agree on appeal that Mr. Ford's prior felony convictions qualified him as a "career offender" under U.S.S.G. § 4B1.1, and that his applicable base offense level under § 4B1.1 (Mr. Ford's "career-offender base offense level") was 34.[3] But because Mr. Ford's drug-quantity base offense level was greater than his career-offender base offense level, the Guidelines required that "the former [be] used to calculate [Mr. Ford's] sentence." Dist. Ct. Doc. 72-1 at 1; U.S.S.G. § 4B1.1(b) (2002) (requiring that the career-offender base offense level apply if it is greater than the "otherwise applicable" offense level).

---

[3] U.S.S.G. § 4B1.1 applies to "career offenders" who are at least 18 years old at the time of committing "the instant offense of conviction," whose "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2002).

## C. *First Motion for Sentence Reduction Granted: Drug-Quantity Base Offense Level of 33, Range of 235 to 293 Months*

On June 11, 2008, Mr. Ford and the Government filed a joint motion under

§ 3582(c)(2) and Amendment 706 to reduce his sentence.[4] On June 24, 2008, the

court granted the motion, applied a drug-quantity base offense level of 34,[5] made the

same adjustments as before for the firearm possession and acceptance of

responsibility, and arrived at an offense level of 33 (34 + 2 − 3). This resulted in an

advisory Guidelines range of 235 to 293 months in prison. The court reduced Mr.

Ford's sentence to 235 months.

## D. *Second Motion for Sentence Reduction Denied*

On February 24, 2012, Mr. Ford moved to reduce his sentence under

§ 3582(c)(2) and Amendment 750.[6] The Government opposed the motion. The

district court denied the motion because Mr. Ford's drug-quantity base offense level

under Amendment 750 would have been less than his career-offender base offense

level of 34. Thus, the career-offender provision would apply under § 4B1.1(b) and

leave Mr. Ford with the same applicable Guidelines range of 235 to 292 months as he

---

[4] Amendment 706 lowered the base offense level assigned to quantities of crack cocaine. *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008).

[5] Mr. Ford and the Government's joint motion agreed that Mr. Ford's adjusted total offense level was 33, "if the reduction is based on the previous offense level" from his original sentencing. ROA, Vol. I at 87.

[6] Like Amendment 706, Amendment 750 lowered the base offense levels assigned to various quantities of crack cocaine. *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013).

had for his current sentence of 235 months, which was already at the bottom of that range.[7]

## E. *Current Motion for Sentence Reduction Denied*

On January 6, 2015, Mr. Ford filed his current motion for sentence reduction under § 3582(c)(2) and Amendment 782, which effectively lowered the Guidelines minimum sentences assigned to drug quantities under § 2D1.1. *See United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016). The district court denied the motion on September 7, 2016.[8] It explained, incorrectly, that at the June 24, 2008 sentence reduction hearing on the first motion, "[Mr. Ford's] total offense level was calculated pursuant to United States Sentencing Guideline § 4B1.1, the career offender provision. Since [Mr. Ford's] sentence was determined by the career offender provision and not the drug guidelines (which Amendment 782 pertains to)," the court found Mr. Ford ineligible for another sentence reduction. ROA, Vol. 1 at 121.[9] This

---

[7] Mr. Ford moved for reconsideration, but the district court denied his motion. He also appealed, but this court dismissed his appeal as untimely.

[8] Courts apply the Guidelines version "in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." *See* U.S.S.G. § 1B1.10 cmt. n.8 (2015). Our analysis of Mr. Ford's amended sentence uses the 2015 Guidelines, the version in effect when the district court ruled on the motion.

[9] To provide context for the district court's explanation, we note that when a defendant has been sentenced based on a career-offender base offense level under U.S.S.G. § 4B1.1(b), an amendment to the drug quantity table at § 2D1.1(c) provides no relief because the amendment would not lower the applicable Guidelines range. *See, e.g.*, *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016) (unpublished); *see also United States v. Faison*, 671 F. App'x 755, 756 (11th Cir.

Continued . . .

description of how the first motion was resolved is inaccurate because the district court granted that motion and lowered the base offense level and sentence based on a drug-quantity calculation, not a career-offender calculation.

## II. DISCUSSION

On appeal, Mr. Ford and the Government agree that the district court misstated the reason it granted Mr. Ford and the Government's first motion for a sentence reduction. Instead of relying on Mr. Ford's career-offender base offense level, the court had reduced Mr. Ford's sentence by recalculating his drug-quantity base offense level under Amendment 706.

Mr. Ford now argues his sentencing range under Amendment 782 should be reduced to 188 to 235 months. The Government argues the district court's misstatement in denying the motion was harmless because the Guidelines range should still be 235 to 292 months under Amendment 782, and Mr. Ford's current sentence is already at the bottom of that range. We conclude that Mr. Ford is ineligible for a sentence reduction and the district court's misstatement was harmless.

### A. *Standard of Review*

"We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013). The scope of a district

---

2016) (unpublished) ("[W]hen a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guidelines range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1.").

We find instructive the unpublished cases cited in this order. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

court's authority to reduce a sentence under § 3582(c)(2), however, is a question of law we review de novo. *Id.*

### B. *Legal Background*

#### 1. **Sentence Calculation Under U.S.S.G. §§ 2D1.1 and 4B1.1**

Section 2D1.1 of the Guidelines concerns the calculation of base offense levels for drug offenses based on the amount of drugs attributable to the defendant. *See United States v. Killion*, 7 F.3d 927, 930 (10th Cir. 1993). The Drug Quantity Table listed in § 2D1.1(c) groups controlled substances by quantity and corresponding base offense level. Amendment 782, which took effect in November 2014, reduced by two the base offense levels ascribed to many drug offenses listed under § 2D1.1. *United States v. Gutierrez*, 859 F.3d 1261, 1268 (10th Cir. 2017).

If the defendant is a career offender, "§ 4B1.1 instructs the court to compare the § 4B1.1 offense level (which is calculated according to the maximum statutory sentence for the offense of conviction) to the offense level that would apply in the absence of the career-offender provision," *United States v. Darton*, 595 F.3d 1191, 1192-93 (10th Cir. 2010), which would be § 2D1.1 here. "If the career-offender offense level is greater than the otherwise applicable offense level, the sentencing court must use the career-offender offense level and assign the defendant a criminal history category of VI." *Id.* at 1193; *see also* U.S.S.G. § 4B1.1(b) (2015).

#### 2. **Sentence Reduction Under § 3582(c)**

A district court may modify a defendant's sentence only when Congress has expressly granted the court jurisdiction to do so, *United States v. Gay*, 771 F.3d 681,

686 (10th Cir. 2014), which Congress did in § 3582(c), *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014). As relevant to this appeal, § 3582(c)(2) permits a district court to modify a sentence when the United States Sentencing Commission has lowered the Guidelines range. *See* 18 U.S.C. § 3582(c); *United States v. Henriquez-Serrano*, 327 F. App'x 766, 768 (10th Cir. 2009) (unpublished).

Section 3582(c)(2) calls for "a two-step inquiry. A court must [(1)] first determine that a reduction is consistent with § 1B1.10 before it may [(2)] consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Mr. Ford's motion does not make it past the first step.

At step one, the court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Section 1B1.10(b)(1) requires the court to:

> [D]etermine the amended guideline range that would have been applicable to the defendant if the [relevant] amendment[] . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the [relevant] amendment[] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (2015). Section 1B1.10(b)(2) further provides that courts generally may "not reduce the defendant's term of imprisonment . . . to a term that is less

than the minimum of the amended guideline range" produced by the substitution.

U.S.S.G. § 1B1.10(b)(2)(A) (2015).[10]

Under § 3582(c)(2), "the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in . . . the Guidelines Manual." *United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016) (unpublished) (citing U.S.S.G. § 1B1.10 cmt. n.1(A)).  When a defendant's base level offense would be the same after applying the amendment, the amendment does not affect the defendant's Guidelines range, and a sentence reduction must be denied.  *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *see also United States v. Bishop*, 639 F. App'x 518, 520 (10th Cir. 2016) (unpublished).  That is what happened here.

## C. *Analysis*

Mr. Ford and the Government disagree about what drug quantity should be attributed to Mr. Ford for purposes of recalculating his sentence under Amendment 782.[11]  But even under Mr. Ford's proposed drug quantity, his resulting Guidelines

---

[10] U.S.S.G. § 1B1.10(b)(2)(B) (2015) allowed the court to reduce a sentence below the amended Guidelines range if the original sentence was below the original Guidelines range based on a government motion to reduce the offense level for the defendant's substantial assistance to authorities under § 5K1.1.  Subsection B is inapplicable to this case.

[11] Mr. Ford notes that he "objected to the drug quantity findings in the PSR and was ready to argue the issue at his Sentencing Hearing in 2003."  Aplt. Reply Br. at 3.  To the extent Mr. Ford's plea agreement would allow this challenge, and to the extent he attempts to collaterally attack the drug quantity calculated at his original sentence, he may not use § 3582(c)(2).  A challenge to whether his sentence was incorrectly imposed must be raised on direct appeal or in a 28 U.S.C. § 2255 motion.  *United States v. Murphy*, 345 F. App'x 375, 379 (10th Cir. 2009) (unpublished).

range would not change, and his current sentence is already at the bottom of that range. Because Amendment 782 did not lower Mr. Ford's applicable Guidelines range, the district court lacked jurisdiction to grant a sentence reduction.

1. **Calculation of Mr. Ford's Base Level Offense**

The Government argues that, under the plea agreement, we must attribute 10 to 30 kilograms of PCP to Mr. Ford and apply Amendment 782, which results in a drug-quantity base offense level of 34. *See* U.S.S.G. app. C, Amend. 782; U.S.S.G. § 2D1.1(c)(3) (2015).[12]

Mr. Ford contends the June 11, 2008 joint motion for sentence reduction applied a base offense level of 34, which could only have corresponded with a lesser quantity of 3 to 10 kilograms of PCP under U.S.S.G. § 2D1.1(c)(3) (2008). Applying Amendment 782 to that amount produces a drug-quantity base offense level of 32. *See* U.S.S.G. app. C, Amend. 782; U.S.S.G. § 2D1.1(c)(4) (2015).[13]

We need not resolve this disagreement. Even under Mr. Ford's calculation, his new drug-quantity base offense level of 32 under § 2D1.1(c) falls below his career-offender base offense level of 34 under § 4B1.1. Because his § 4B1.1(b) career-

_____

[12] The Government also explains that the parties stipulated at the original May 7, 2003 sentencing that Mr. Ford's base offense level was 36. At that time, a base offense level of 36 corresponded to 10 to 30 kilograms of PCP. *See* U.S.S.G. § 2D1.1(c)(2) (2002).

[13] Mr. Ford's brief lists only a "Total Offense Level" of 34. But because he has included his U.S.S.G. § 2D1.1(b)(1) two-level firearm enhancement in his earlier "Total Offense Level" calculations, we conclude he has done the same here, resulting in a base offense level of 32.

offender base offense level "is greater than the offense level [he argues is] otherwise applicable, the offense level from [U.S.S.G. § 4B1.1(b)] [must] apply." *See* U.S.S.G. § 4B1.1(b) (2015). The base offense level must be 34.

2. **Calculation of Mr. Ford's Sentence**

As explained above, Amendment 782 lowers base offense levels only in the drug quantity table, so other applicable Guidelines enhancements and reductions must still be applied. *See* U.S.S.G. § 1B1.10(b)(1) (2015) (directing courts to substitute only the relevant Guidelines provision, but to "leave all other guideline application decisions unaffected"); *United States v. Muldrow*, 612 F. App'x 508, 512 (10th Cir. 2015) (unpublished). Mr. Ford's sentence, following the court's approval of his first motion to reduce, included a two-level enhancement for possessing a firearm during the commission of the offense under U.S.S.G. § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility under § 3E1.1. Applying both here, and using a career-offender base offense level of 34, Mr. Ford's adjusted offense level is 33 (34 + 2 – 3). Coupled with the career-offender mandatory criminal history category of VI, § 4B1.1(b),[14] Mr. Ford's Guidelines range is 235 to 293 months in prison, the same range on which his current sentence is based.

---

[14] As explained above, Mr. Ford's drug-quantity Guidelines range was calculated based on a criminal history category of IV, but U.S.S.G. § 4B1.1(b) requires that defendants sentenced under the career-offender guideline are "assign[ed] . . . a criminal history category of VI." *See also United States v. Darton*, 595 F.3d 1191, 1193 (10th Cir. 2010).

Amendment 782 therefore does not reduce his applicable Guidelines range, and his current sentence is already at the bottom of that range. *See Muldrow*, 612 F. App'x at 512 (finding defendant ineligible for sentence reduction when Amendment 782 did not reduce the applicable Guidelines range). The district court's misstatement in denying Mr. Ford's motion was thus harmless. *See United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005) ("An error with respect to sentencing does not affect substantial rights when it did not affect the sentence imposed by the district court.").[15]

## III. **CONCLUSION**

For the foregoing reasons, Mr. Ford is ineligible for a sentence reduction. Rather than deny his motion on the merits, the district court should have dismissed it for lack of jurisdiction. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013). We vacate the district court's order denying Mr. Ford's motion and remand with instructions to enter an order dismissing for lack of jurisdiction.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge

---

[15] Federal Rule of Criminal Procedure 52(a) states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *See United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005) (applying Rule 52(a) to sentencing error); *United States v. Robertson*, 344 F. App'x 489, 491-92 (10th Cir. 2009) (unpublished) (applying Rule 52(a) to alleged sentence reduction error).

- 12 -